IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DRUE ALLEN HOLLIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00432-O-BP |
| | § | |
| **SWEETWATER,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Drue Allen Hollis's Amended Complaint, filed May 27, 2022. ECF No. 9. Hollis's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 5. On May 20, the Court granted Hollis leave to proceed in this matter *in forma pauperis*, with service of process withheld until the completion of judicial screening under 28 U.S.C. § 1915(e)(2). ECF No. 7. As part of the screening process, the Court ordered Hollis to file an Amended Complaint containing a short and plain statement of his alleged cause of action. ECF No. 8. Having reviewed the Amended Complaint and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **with prejudice**.

**I.    BACKGROUND**

Because Hollis's original Complaint lacked enough facts to ascertain a colorable legal claim, *see* ECF No. 1, the Court directed him to refile an Amended Complaint consistent with Federal Rules of Civil Procedure 8(a), 15(a). *See* ECF No. 8. He did so, filing the Amended Complaint on May 27. ECF No. 9. Nevertheless, the Amended Complaint—set forth in largely illegible handwriting—failed to articulate a viable legal claim. *See id.* From what the undersigned

could gather, Hollis sues an online retailer of musical equipment called "Sweetwater." *Id.* at 2. He claims Sweetwater failed to appropriately process the return of one of his items and asserts jurisdiction under 28 U.S.C. § 1339 and 42 U.S.C. § 1985. *Id.* at 2-3. Sweetwater apparently failed to cooperate with Hollis's prior correspondence, and although he does not explain precisely what Sweetwater did, the Amended Complaint states that "Sweetwater has extended its violations of delay beyond the history of my existence as a Sweetwater customer to that of a 'civil death' as defined by myself." *Id.* at 3. He further alleges Sweetwater acted "in excess of jurisdiction." *Id.* at 4. For these wrongs, Hollis seeks $700,000 in damages. *Id.*

## II.   LEGAL STANDARDS

"In enacting the federal *in forma pauperis* statute, Congress 'intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). But Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic inventive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Therefore, the *in forma pauperis* statute authorizes district courts to dismiss cases *sua sponte* if they are: (1) "frivolous or malicious"; (2) "fail[] to state a claim on which relief may be granted"; or (3) "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Complaints are frivolous if they "lack[] an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490

U.S. at 326-27; *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint lacks an arguable basis in fact "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33. And a complaint fails to state a claim on which relief can be granted if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

While "detailed factual allegations" are not necessary, *Twombly*, 550 U.S. at 544, the complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Courts liberally construe *pro se* pleadings when making this determination. *Perez v. U.S.*, 312 F.3d 191, 194-95 (5th Cir. 2002). "'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.   ANALYSIS

Because he appears *pro se*, Hollis's pleadings must be liberally construed. *Perez*, 312 F.3d at 194-95; *Estelle*, 429 U.S. at 106 (quoting *Haines*, 404 U.S. at 520). Having done so for the Amended Complaint, the undersigned nevertheless concludes Hollis's complaint is frivolous because it "lacks an arguable basis either in law or in fact." *See Neitzke*, 490 U.S. at 325; *Brewster*, 587 F.3d at 767. Liberally construed, the crux of Hollis's complaint concerns a product return dispute, with Hollis claiming he returned a particular item and Sweetwater denying such return. *See* ECF No. 9 at 2. Beyond that, the Amended Complaint generates more questions than answers,

3

such as what Hollis means when he says he suffered a "civil death" or how Sweetwater, a private, non-judicial entity, acted "in excess of jurisdiction." *See id.* at 3-4.

Such assertions typify the Amended Complaint's allegations, all of which fall into the camp of "clearly baseless." *See Denton*, 504 U.S. at 32-33. Even assuming the truth of the pleadings and liberally construing them in Hollis's favor, the Amended Complaint does not remotely establish how his dispute with Sweetwater amounts to a cause of action or why that cause of action belongs in federal court. *See* ECF No. 9 at 2. Even going that far and liberally construing a colorable legal claim rightly brought in this Court, no amount of liberal construction could explain how the alleged dispute gave rise to Hollis's claim for $700,000 in damages. *See id.* at 3. To liberally construe a colorable claim from the Amended Complaint, the Court would have to conclude Sweetwater, a private entity, "acted in excess of jurisdiction" by conspiring with other unknown entities to deprive Hollis's basic civil rights—all because they contested whether he returned certain unidentified pieces of musical equipment. *See* ECF No. 9. Such a conclusion would venture far beyond "liberal construction" to the realm of claim manufacturing, a realm the Court is not permitted to enter. *See Denton*, 504 U.S. at 32-33.

Even if the Court liberally construed the pleadings as articulating a colorable legal claim implicating $700,000 in damages, Hollis asserts federal jurisdiction under 28 U.S.C. § 1339 and 42 U.S.C. § 1985. The former states that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the Postal Service." 28 U.S.C. § 1339. Thus, by its very terms, § 1339 "grants jurisdiction only when a separate statute relating to the postal service affords a cause of action." *Snapp v. U.S. Postal Serv.-Texarkana Mgmt. Sectional Ctr.*, 664 F.2d 1329, 1332 (5th Cir. 1982) (citations omitted). But neither the other statute Hollis cites, 42 U.S.C. § 1985, nor any other statute, creates a federal cause of action related to the postal

4

service which covers Hollis's claims. *See Griffin v. Breckenridge*, 403 U.S. 88, 88-89 (1971) (explaining § 1985 creates a cause of action when private entities conspire to deprive a citizen of basic civil rights). Considering the Amended Complaint lacks a basis in law and in fact, Judge O'Connor should dismiss this action as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke*, 490 U.S. at 325; *Brewster*, 587 F.3d at 767.

Courts typically prefer dismissals without prejudice when a complaint fails to convey a colorable legal claim. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). But an opportunity to amend is "unnecessary in cases where the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 8-9 & n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28). In such situations, like the instant case, "it is clear that no amendment can cure the defect." *Denton*, 504 U.S. at 34. The undersigned is mindful that some allegations may be "strange, but true; for truth is always strange, Stranger than fiction." LORD BYRON, DON JUAN, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt, eds. 1977). But that is not the case here, where Hollis's contentions against Sweetwater, even if true, would never create a viable cause of action. Thus, because no subsequent amendments could manufacture a colorable claim in this matter, Judge O'Connor should dismiss Hollis's action with prejudice.

### IV.   CONCLUSION

Because the Amended Complaint lacks an arguable basis in law and fact and no further amendments could change that, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **with prejudice** under 28 U.S.C. § 1915(e)(2)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 6, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE